**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 5, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JUAN LUIS PEREZ-OLIVAREZ,

      Defendant-Appellant.

No. 12-3251
(D.C. No. 6:11-CR-10178-MLB-6)
(D. Kan.)

# ORDER AND JUDGMENT[*]

Before **LUCERO**, **EBEL**, and **MATHESON**, Circuit Judges.

This matter is before the court on the motion of the United States to enforce

the waiver of appellate rights contained in the plea agreement executed by

defendant-appellant Juan Luis Perez-Olivarez. We grant the government's motion

and dismiss the appeal.

---

[*]     This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Perez-Olivarez pled guilty pursuant to a written plea agreement to one count of using a communication device to facilitate a conspiracy to distribute cocaine. The district court sentenced him to 48 months' imprisonment, which was below the applicable sentencing guideline range, but was the maximum sentence permitted by statute.

As part of his plea agreement, Mr. Perez-Olivarez "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release." Plea Agreement at 5. More specifically, he waived the right to appeal any sentence imposed within the guideline range and retained only the right to appeal his sentence if the district court departed upward from the guideline range. *See id.* at 5-6. Despite this waiver, Mr. Perez-Olivarez filed this appeal to challenge his sentence as procedurally and substantively unreasonable. The government has filed the current motion to enforce the waiver and dismiss the appeal in accordance with *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

We will enforce an appeal waiver as long as three elements are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver will [not] result in a miscarriage of justice." *Id.* 1325. In his response to the government's motion to enforce, Mr. Perez-Olivarez, through his counsel,

concedes that all these elements are met and that his appeal waiver is enforceable.

Our own review of the plea agreement, statement in advance of plea, and transcripts

of the plea and sentencing hearings leads us to the same conclusion.

We therefore grant the government's motion to enforce and dismiss the appeal.


Entered for the Court
Per Curiam